UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| JOHN LEN PARRISH,<br><br>    Petitioner,<br><br>vs.<br><br>LOS ANGELES SUPERIOR COURT, et al.,<br><br>    Respondents. | Case No. CV 09-104-GAF (JWJ)<br><br>**MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.  BACKGROUND

On January 6, 2009, petitioner John L. Parrish, a state prisoner proceeding pro se, filed in this Court a "Petition for Writ of Habeas Corpus by a Person in State Custody 28 U.S.C. § 2254" (hereinafter "Petition").  The Court has screened the Petition pursuant to 28 U.S.C. § 2243, Rule 4 of the Rules Governing § 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of the Central District of California.  As discussed below, the Petition is summarily dismissed.

///

///

///

## II.  DISCUSSION

Under 28 U.S.C. § 2243, it is the duty of this Court to screen out frivolous habeas corpus applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  See Rules Governing Section 2254 Cases, Rule 4, Advisory Committee Notes, 1976 Adoption (citing Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)).  A district court must enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court.  Rules Governing Section 2254 Cases, Rule 4; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

A petition lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim.  See Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990).  A court may also dismiss as frivolous petitions reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind.  See Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  Yet, it must be kept in mind that pro se pleadings must be liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Here, petitioner appears to allege that the Los Angeles Superior Court, Santa Barbara Superior Court, and Kings County Court were unresponsive to petitioner's state court habeas corpus petitions.  (Petition, pp. 2-7.)  However, in conducting habeas review, a federal court is limited to deciding whether a *conviction* violated the Constitution, laws, or treaties of the United States. Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (emphasis added).  Accordingly, petitioner's aforementioned claims are summarily dismissed.  See Rule 4 of the Rules Governing § 2254 Cases.

Petitioner also makes vague references to the inability to earn "1/2 time credit[s]." (Petition, p. 6.) Petitioner fails to include any facts related to his own conditions of parole. Allegations lacking any supporting facts are subject to dismissal for lacking substance. See Franklin v. Murphy, 745 F.2d at 1228. Accordingly, petitioner's aforementioned claim is summarily dismissed.

## ORDER

For all of the foregoing reasons, **IT IS HEREBY ORDERED** as follows: The instant Petition for Writ of Habeas Corpus is **dismissed without prejudice**.

DATED: April 26, 2009

_____
GARY A. FEESS
United States District Judge

Presented by:

DATED: April 16, 2009


_____/s/_____

JEFFREY W. JOHNSON
United States Magistrate Judge